UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carla Emel, *individually and on behalf of all others similarly situated*;<br><br>Plaintiff,<br><br>-v.-<br><br>TrueAccord Corp., LVNV Funding LLC, and John Does 1-25.<br><br>Defendants. | Civil Action<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carla Emel (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this Class Action Complaint by and through her attorneys, against Defendants TrueAccord Corp (hereinafter "Defendant TrueAccord") and Defendant LVNV Funding (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate ~ *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over all State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Luzerne.

8. Defendant TrueAccord is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent, Incorp Services Inc. at 7208 Red Top Road, Hummelstown, PA 17036.

9. Upon information and belief, Defendant TrueAccord is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent, Corporation Service Company at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:
    a. all individuals with addresses in the Commonwealth of Pennsylvania;
    b. to whom Defendant TrueAccord sent an collection letter attempting to collect a consumer debt;
    c. on behalf of Defendant LVNV;

      d. that fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

      e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A**, violate 15 U.S.C. §§ l692e & 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. §§ l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to August 24, 2021, an obligation was allegedly incurred to Plains Commerce Bank

24. The Plains Commerce Bank obligation arose out of a transaction in which involved the transaction of money, property, insurance or services primarily for personal, family or household purposes.

25. The alleged Plains Commerce Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Plains Commerce Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant TrueAccord, a debt collector and subsequent owner of the Plains Commerce Bank debt, contracted with Defendant LVNV to collect the alleged debt.

28.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 24, 2021 Collection Letter*

29.     On or about August 24, 2021, Defendant TrueAccord sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed.  A true and accurate copy of the Letter is attached as Exhibit A.

30.     The letter states:  Did you forget about your LVNV Funding LLC (current creditor of your original Plains Commerce Bank account) Balance?

31.     The letter further states: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency."

32.     The letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

33.     Therefore, the letter puts the Plaintiff at material risk of making a partial payment and thereby unknowingly recommencing the lapsed statute of limitations.

34.     Because of Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

35.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36.     Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff

with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

38. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

39. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

40. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

41. Plaintiff sustained an informational injury in that she was deceptively misled about the true legal nature of the alleged debt and was not advised that making payment on the debt would restart the statute of limitations.

42. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendants violated §1692e:

a. by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10); and

b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

47. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carla Emel, individually and on behalf of all others similarly situated, demands judgment from Defendant TrueAccord and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Roseland, New Jersey
September 17, 2021

**Skolnick Legal Group, P.C,**

*/s/ Scott H. Bernstein*
Scott H. Bernstein, Esq.
Skolnick Legal Group, P.C.
103 Eisenhower Parkway, Suite 305
Roseland, New Jersey 07068
(203) 246-2887
scott@skolnicklegalgroup.com